# Holland & Knight

400 South Hope Street, 8th Floor | Los Angeles, CA 90071 | T 213.896.2400 | F 213.896.2450
Holland & Knight LLP | www.hklaw.com

Qian (Sheila) Shen
+1 213-896-2563
Qian.Shen@hklaw.com

May 13, 2022

*Via ECF*

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

> Re: *Lee v. Yang et al.*, Case No. 1:21-cv-07934-LGS
> **Letter Motion for Pre-Motion Conference on Defendants'
> Motion to Dismiss Plaintiff's Amended Complaint**

Dear Judge Schofield:

On behalf of Defendants Andrew Yang and the Friends of Andrew Yang ("FOAY") (together, "Defendants"), we write pursuant to the Court's Individual Rules of Civil Practice III.A to request a pre-motion conference concerning Defendants' contemplated Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b) ("Motion to Dismiss").

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint does not cure the defect fatal to her employment discrimination claims—Plaintiff was never an employee of either FOAY or Mr. Yang. Although the Amended Complaint artfully attempts to plead around the lack of any employee-employer relationship between Plaintiff and Defendants, such artful pleading does not defeat the fact that Plaintiff has made numerous evidentiary admissions that she was never a paid employee of either Defendant, and was never offered any paid position.

The two new aspects of this action, as articulated in the Amended Complaint, also fail. Plaintiff's failure to hire claim, wholly devoid of any factual basis, fails to state a plausible claim for relief under the applicable standard. Plaintiff's newly asserted defamation claim fails as a matter of law and a matter of pleading.

Plaintiff has no cognizable right to relief, and has now had ample opportunity to put her best case forward. The Court should dismiss the Amended Complaint in its entirety and without further leave to amend.

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland
Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Algiers | Bogotá | London | Mexico City | Monterrey

# ARGUMENT[1]

## I. The Amended Complaint Cannot Overcome Prior Admissions that Plaintiff Was Not a Paid Employee of FOAY, and thus Her Employment Discrimination Claims Fail.[2]

When a complaint is superseded by an amended pleading, the allegations in the original complaint remain evidentiary admissions. *Andrews v Metro N. Commuter R. R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989) ("the amendment of a pleading does not make it any the less an admission of the party") (citing, *inter alia*, *U.S. v. McKeon*, 738 F. 2d 26, 31 (2d Cir. 1984) (a "party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories").

First, as with her original Complaint, nowhere in the Amended Complaint does Plaintiff assert that she was an employee of Mr. Yang, individually. *See generally* Dkt. No. 52.; *see also generally* Dkt. Nos. 11 and 11-1. As such, the Amended Complaint does not cure Plaintiff's failure to allege any claim against Mr. Yang, individually, under Title VII, the NYSHRL, and NYCHRL, and the Amended Complaint should be dismissed in its entirety as against Mr. Yang, individually.

Second, while the Amended Complaint makes various vague and conclusory allusions to an employer-employee relationship with FOAY, Plaintiff does not and cannot plead in good faith that she was a paid employee of FOAY. *See* Dkt. No. 52 ¶¶ 17, 18, 21, 24, 31. Plaintiff admitted in her prior pleading and exhibits; in a declaration *she* submitted in opposing Defendants' motion to set aside the entries of default; and during the February 23, 2022 hearing on the Court's Order to Show Cause on Default Judgment that she was at all times an unpaid volunteer with the campaign. *See* Dkt. No. 11-1 at 33 (Ex. N., July 9, 2019 message from Plaintiff that she was a "volunteer coordinator"); Dkt. No. 11 at 17 (citing Exs. K and N); Dkt. No. 11-1 at 33 (Ex. K, Oct. 20, 2019 text message offering a "different volunteer opportunity"); *id.* at 38 (Ex. N, discussions about possibility of future compensation); Dkt. No. 45 ¶ 3. As such, Plaintiff's employment discrimination claims should be dismissed without further leave to amend.

## II. Plaintiff's Claims Based on an Alleged Failure to Hire Fail to State a Plausible Claim of Discrimination.

Plaintiff's Title VII, NYSHRL, and NYCHRL claims based on a new failure to hire theory fail to sufficiently plead a claim. Notably, Plaintiff does not allege she ever applied to work for Mr. Yang, individually, and thus she states no claim against him. In any event, a failure to hire claim "must set forth the factual circumstances from which the Court can infer that it is plausible

---

[1] For the sake of brevity, Defendants omit a recitation of the relevant facts, which are set forth in full in their letter motion to dismiss Plaintiff's original Complaint. *See* Dkt. No. 48. Defendants respectfully incorporate that recitation of facts as though fully set forth here.

[2] Also for the sake of brevity, Defendants omit repeating the legal standard that an employer-employee relationship is required to assert claims for violations of the Title VII, the NYSHRL, and the NYCHRL, and respectfully refers the Court to their prior letter motion to dismiss. *See* Dkt. No. 48.

that the plaintiff was not hired because of unlawful discrimination." *Riddle v. Citigroup*, No. 13 CIV. 6833 AKH, 2014 WL 2767180, at *2 (S.D.N.Y. May 29, 2014), *aff'd*, 640 F. App'x 77 (2d Cir. 2016). The Amended Complaint does not include any facts about the qualifications required for the executive assistant position; any facts establishing that she actually was qualified for the position; or, critically, any facts supporting an inference that the sole reason she was not hired was discriminatory animus. *See generally* Dkt. No. 52; *see id.* at ¶ 38 (asserting in conclusory fashion that "Plaintiff applied for an Executive Assistant position . . . . Plaintiff was qualified for the position."). *But see Riddle*, No. 13 CIV. 6833 AKH, 2014 WL 2767180, at *2-3 (dismissing failure to hire claim where complaint did not set forth necessary factual basis as to each element of cause of action). As such, her causes of action based on a failure to hire should be dismissed.

### III. Plaintiff's Vague Defamation Claim Fails to State a Plausible Claim for Relief.

The Amended Complaint's new defamation claim fails as a matter of law and pleading. A claim for defamation under New York law must allege "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.' " *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010).

It is entirely unclear which statements alleged in the Amended Complaint Plaintiff contends were defamatory, as Plaintiff's seventh cause of action only asserts in a vague and conclusory manner that "[a]s fully demonstrated within this Amended Complaint, Defendants intentionally published defamatory statements to third parties regarding Plaintiff's political affiliation . . .; termination of employment; and complaints of discrimination." *See* Dkt. No. 52 ¶ 107.[3] Regardless, none of the alleged defamatory statements in the Amended Complaint—or in the original Complaint and exhibits—are sufficient to sustain a defamation claim.

The first prong requires the statement to be "of and concerning the plaintiff." *Thai*, 726 F. Supp. 2d at 329-30. While the Amended Complaint (and original Complaint and exhibit) details at length communications *to and from* Plaintiff, Plaintiff only points to four statements "of and concerning" her, allegedly published to third parties. *See* Dkt. No. 52 ¶ 44 and Dkt. No. 11-1 at 2 (Sept. 26, 2019 Discord thread amongst campaign volunteers); Dkt. No. 52 ¶ 46 and Dkt. No. 11-1 at 8 (Sept. 28, 2019 Tweet from a FOAY volunteer); Dkt. No. 52 ¶¶ 47, 52 (social media posts by an individual Plaintiff acknowledges was a FOAY volunteer). Those four statements fail to establish a claim for defamation, as they each are admittedly statements allegedly made by FOAY volunteers, and are thus inactionable against FOAY or Mr. Yang. *Thomas v. Town of Hempstead*, No. 17CV02813DLIAYS, 2021 WL 2291838, at *11 (E.D.N.Y. June 4, 2021) Nowhere else in the Amended Complaint, or in the original Complaint and Exhibits, does Plaintiff point to any allegedly defamatory statement made by FOAY or Mr. Yang.

---

[3] In the event Plaintiff attempts to elucidate which statements are allegedly defamatory in response to this letter motion, Defendants respectfully request an opportunity to fully brief their motion to dismiss.

Nor does Plaintiff sufficiently plead allegations that any publication of such statements were through at least negligence on the part of FOAY or Mr. Yang (who did not make the statements and do not control campaign volunteers), or allegations concerning her entitlement to damages under a defamation *per se* theory or special damages.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.

Respectfully,

HOLLAND & KNIGHT LLP

*/s Qian Shen*

Qian (Sheila) Shen