

**White, Hilferty & Albanese**
Employment Attorneys

**Samantha E. Hudler,** *Associate*
Hudler@NYCJobAttorney.com
Direct: 917 565 8763

May 19, 2022

<u>Via ECF</u>
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Centre Square, Courtroom 1106
New York, NY 10007

    **Re:**    *Lee v. Yang, et al.*
                **Case No.: 1:21-cv-07934 (LGS)**

Dear Judge Shofield:

As this Court is aware, this firm represents Plaintiff Erica Lee in the above-referenced case. Pursuant to Your Honor's Order dated May 16, 2022, Plaintiff submits this correspondence in response to Defendants' Pre-Motion Letter dated May 13, 2022.

## Preliminary Statement

As outlined herein, Defendants' arguments in support of their contemplated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) lack merit. Accordingly, Plaintiff respectfully requests that this Court deny Defendants request to file a Motion to Dismiss the Amended Complaint given that Plaintiff has alleged plausible claims of gender discrimination, retaliation, and defamation under the applicable statutes.

## Argument

### I. Plaintiff's Employment with Defendants

As a preliminary matter, Plaintiff filed her initial Complaint pro se. When deciding a motion to dismiss for failure to state a claim, a court must construe a pro se complaint liberally. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (citing Fed. R. Civ. P. 12(b)(6)). Therefore, Defendants' arguments concerning the differences between Plaintiff's original complaint and the Amended Complaint are not dispositive.

Defendants argue that Plaintiff failed to allege that she was an employee of Defendant Yang, individually. However, in the Amended Complaint, Plaintiff named Defendant Yang individually and pled that he is the "head of Defendant FOAY" and that she was hired by "Defendants" on July 9, 2019. (Dkt. No. 52, at ¶¶ 13, 31). Plaintiff also plausibly alleged that she complained to Defendant Yang, as the head of FOAY, regarding the ongoing discrimination, retaliation, and defamation. (Dkt. No. 52, at ¶¶ 47, 49-51, 68). Plaintiff also explicitly alleged, "Defendant Yang was personally involved in the adverse action taken against Plaintiff." (Dkt. No. 52, at ¶ 68). As such, Plaintiff plausibly alleged that she was employed by both Defendants during the relevant time period.

Contrary to Defendants' contention, Plaintiff was not required to "plead in good faith that she was a paid employee of FOAY." Title VII defines "employee" as "an individual employed by an employer." *Areu v. Fox News Network,* LLC, 2021 WL 4124226, at *8-10 (S.D.N.Y. Sept. 9, 2021) (citing *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997)). *See also* 42 U.S.C. § 2000e(f). The Second Circuit has established a two-part test to determine an individual's employment status in situations where a clear employer-employee relationship cannot be ascertained. *Areu*, 2021 WL 4124226, at *8-10. First, a plaintiff must show that she was hired by the employer by establishing that "she received remuneration in some form for her work." *Id.* (citing *United States v. City of N.Y.*, 359 F.3d 83, 91-92 (2d Cir. 2004)). The remuneration required need not be a salary; however, it must convey a "substantial benefit" to the employee. *Id.* Second, a court must determine whether the hired person is an employee based upon the following factors:

> (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party.

*Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 442 (S.D.N.Y. 2018) (citing *Cmty. for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-52 (1989). In the employment discrimination context, "courts place the greatest emphasis on the extent to which the hiring party controls the manner and means by which the worker completes his or her assigned tasks." *Hughes,* 304 F. Supp. 3d at 443 (citing *City of N.Y.*, 359 F.3d at 91-92).

In the Amended Complaint, Plaintiff explicitly alleged that Defendants represented that she would be compensated for her role as YGRO. (Dkt. Nos. 11, at pp. 5, 10; 52, at ¶ 31). As such, the remuneration Defendants promised Plaintiff was a paid salary and therefore, Plaintiff satisfies the first part of the test. *See Areu*, 2021 WL 4124226, at *8-10 (internal citations omitted). Although Plaintiff can satisfy most of the 13 factors, for purposes of brevity, Plaintiff can establish that Defendants "control[led] the manner and means by which [Plaintiff] complete[ed] her assigned tasks," which is the most important factor. *See Hughes,* 304 F. Supp. 3d at 443. Specifically, in the Amended Complaint, Plaintiff alleged that Defendants controlled what posted on social media. (*See generally* Dkt. No. 52). Furthermore, Defendants required Plaintiff to meet specific goals, login to a specific platform, contact volunteers regarding applications, consolidate "Yang Gangs" within her state, and track volunteers retained. Defendants also provided Plaintiff with a specific FOAY email account to use when communicating as YGRO. Throughout her employment, Organizing Director Shaun Looney regularly checked in with Plaintiff via various communication platforms regarding tasks that she was required to complete and required her to attend weekly YGRO meetings during which they would discuss Plaintiff's assignments. As such, Plaintiff can establish that she was an employee of Defendants.

## II.     Plaintiff's Failure to Hire Claim

"For a retaliation claim to survive a motion to dismiss, the plaintiff must plausibly allege that (1) defendants discriminated—or took an adverse employment action—against [her], (2) because she has opposed any unlawful employment practice." *Riddle v. Citigroup*, 640 F. App'x 77, 79 (2d Cir. 2016) (citing *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 90 (2d Cir. 2015)).

In the Amended Complaint, Plaintiff plausibly alleged that on August 22, 2019, she "applied for an Executive Assistant position advertised on Defendants' website," that she was qualified for said position based upon Looney's email to her and FOAY employee Christine Nbemeneh acknowledging the "amazing work [Plaintiff] has been doing for a while now," and Defendants further retaliated against her by failing to interview her for the position despite her qualifications. (Dkt. No. 52, at ¶¶ 38, 43). Clearly, Plaintiff established that Defendants took an adverse employment action against her—failing to interview her for the position for which she applied and was qualified—and that it was in "further retaliat[ion]" for her previous engagements in protected activity as thoroughly outlined in the preceding paragraphs. (*See id.*) *See Riddle*, 640 F. App'x at 79 (citing *Vega,* 801 F.3d at 90). Plaintiff also received other positive feedback from FOAY employees. Therefore, Plaintiff plausibly alleged that she was not hired because of Defendants unlawful retaliation. *See id.*

### III.     Plaintiff's Defamation Claim

Under New York law, to state defamation claim, a plaintiff must allege: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Grp., Ltd.,* 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (internal quotation marks omitted).

Plaintiff stated a plausible defamation claim by explicitly alleging that: (1) Defendants' employees made false statements about Plaintiff including, but not limited to, Plaintiff being a "known political operative that worked for Hillary Clinton" and Plaintiff's termination was due to poor performance; (2) said false statements were published to third parties via social media platforms; (3) the statements were through fault amounting to at least negligence on the part of Defendants given that Plaintiff made them aware of the situation and they failed to properly address the matter; and (4) Plaintiff is entitled to damages for the harm caused to her reputation as a result of Defendants' defamatory conduct. (Dkt. No. 52, at ¶¶ 39-58, 107-109). *See id.*

In light of the foregoing, Plaintiff respectfully requests that this Court deny Defendants' request to file a Motion to Dismiss the Amended Complaint given that Plaintiff has plausibly alleged gender discrimination, retaliation, and defamation under the applicable state and federal statutes.

Respectfully submitted,

Samantha E. Hudler

cc:     Qian Shen, Esq. (*via ECF*)
        Holland & Knight LLP
        *Attorneys for Defendants*