UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA LINDSAY LEE,

        Plaintiff,

- against -

ANDREW YANG and FRIENDS OF ANDREW YANG,

        Defendants.

Case No.: 1:21-cv-07934-LGS

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---:|
| TABLE OF AUTHORITIES | | II |
| PRELIMINARY STATEMENT | | 1 |
| RELEVANT FACTS | | 2 |
| ARGUMENT | | 3 |
| I. | STANDARD OF REVIEW. | 3 |
| II. | PLAINTIFF LACKS STANDING TO ASSERT HER FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION AS SHE NEVER HAD AN EMPLOYEE/EMPLOYER RELATIONSHIP WITH FOAY. | 3 |
| | A. Plaintiff's First and Second Causes of Action Pursuant to Title VII Fail Because She Was Never Hired by Defendants. | 4 |
| | B. Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action Pursuant to the NYSHRL and NYCHRL Also Fail Because She Was Never Hired by Defendants. | 6 |
| III. | PLAINTIFF'S FIRST, SECOND, THIRD AND FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL AGAINST MR. YANG, INDIVIDUALLY. | 7 |
| | A. Title VII Claims Cannot Be Sustained against Individuals as a Matter of Law. | 7 |
| | B. Plaintiff's NYSHRL and NYCHRL Claims against Mr. Yang Fails as a Matter of Law and Pleading. | 8 |
| IV. | PLAINTIFF'S FIRST, THIRD, AND FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLAUSIBLY PLEAD A CLAIM FOR SEX-BASED DISCRIMINATION. | 9 |
| V. | PLAINTIFF FAILS TO PLAUSIBLY PLEAD A CLAIM FOR RETALIATION UNDER HER SECOND, FOURTH, AND SIXTH CAUSES OF ACTION BECAUSE HER ALLEGATIONS OF AN ADVERSE EMPLOYMENT ACTION FAIL AS A MATTER OF LAW. | 11 |
| | A. Plaintiff Fails to Plead Retaliatory Failure to Hire. | 12 |
| | B. Public Criticism on Social Media and Doxxing Are Not Adverse Employment Actions. | 13 |
| VI. | PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS. | 14 |
| VII. | PLAINTIFF SHOULD NOT BE GIVEN FURTHER LEAVE TO REPLEAD. | 14 |
| CONCLUSION | | 15 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. A.R.E.B.A. Casriel, Inc.*,
  No. 15 CIV. 9965 (KPF), 2017 WL 4046127 (S.D.N.Y. Sept. 12, 2017) .................................. 9

*Andrews v Metro N. Commuter R. R. Co.*,
  882 F.2d 705 (2d Cir. 1989) .................................................................................................... 6

*Apotex Inc. v. Acorda Therapeutics, Inc.*,
  823 F.3d 51 (2d Cir. 2016) ...................................................................................................... 3

*Areu v. Fox News Network, LLC*
  No. 20-CV-8678 (RA), 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021) .................................. 5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Biro v. Conde Nast*,
  807 F.3d 541 (2d Cir. 2015) ................................................................................................ 4, 8

*Borrero v. Am. Exp. Bank Ltd.*,
  533 F. Supp. 2d 429 (S.D.N.Y. 2008) ................................................................................... 13

*Bundschuh v. Inn on the Lake Hudson Hotels, LLC*,
  914 F. Supp. 2d 395 (W.D.N.Y. 2012) .................................................................................. 11

*Chin Tuan v. Flatrate Moving Network LLC*,
  No. 19 CIV. 4264 (LGS), 2020 WL 4606318 (S.D.N.Y. Aug. 11, 2020) .............................. 10

*Daniels v. City of New York*,
  No. 17 CIV. 9960 (LGS), 2019 WL 251511 (S.D.N.Y. Jan. 17, 2019) ............................... 3, 8

*de Souza v. Planned Parenthood Fed'n of Am., Inc.*,
  No. 21 CIV. 5553 (LGS), 2022 WL 2047580 (S.D.N.Y. June 7, 2022) ................................ 11

*Feingold v. New York*,
  366 F.3d 138 Cir. 2004 ............................................................................................................ 8

*Fridia v. Henderson*,
  No. 99 Civ. 10749(BSJ), 2000 WL 1772779 (S.D.N.Y. Nov. 30, 2000) ............................... 13

*Gigante v. Arbucci*,
  34 A.D.3d 425 (2d Dep't 2006) ............................................................................................. 14

*Gulino v. New York State Educ. Dep't*,
 460 F.3d 361 (2d Cir. 2006)...........................................................................................4

*Hughes v. Twenty-First Century Fox, Inc.*,
 304 F. Supp. 3d 429 (S.D.N.Y. 2018)......................................................................4, 5, 6

*Jantz v. Emblem Health*,
 No. 10 CIV. 6076 PKC, 2012 WL 370297 (S.D.N.Y. Feb. 6, 2012) .......................12

*Littlejohn v. City of New York*,
 795 F.3d 297 (2d Cir. 2015)...........................................................................................8

*Maher v. All. Mortg. Banking Corp.*,
 650 F. Supp. 2d 249 (E.D.N.Y. 2009) ...........................................................................9

*Mahmud v. Kaufman*,
 496 F. Supp. 2d 266 (S.D.N.Y. 2007)............................................................................4

*McKenzie v. Dow Jones & Co.*,
 355 F. App'x 533 (2d Cir. 2009) .................................................................................14

*Moore v. Verizon*,
 No. 13-CV-6467 (RJS), 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016)........................10

*Musiello v. CBS Corp.*,
 518 F. Supp. 3d 782 (S.D.N.Y. 2021)............................................................................4

*Nechis v. Oxford Health Plans, Inc.*,
 421 F.3d 96 (2d Cir. 2005)...........................................................................................15

*O'Connor v. Davis*,
 126 F.3d 112 (2d Cir. 1997).........................................................................................5

*Oncale v. Sundowner Offshore Servs., Inc.*,
 523 U.S. 75 (1998) .......................................................................................................13

*Pacheco v. Comprehensive Pharmacy Servs.*,
 No. 12 Civ. 1606 (AJN), 2013 WL 6087382 (S.D.N.Y. Nov. 19, 2013) .................8

*Perry v. State of New York Dep't of Lab.*,
 No. 08 CIV. 4610(PKC), 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009)................12

*Riddle v. Citigroup, No. 13 CIV. 6833 AKH*,
 2014 WL 2767180 (S.D.N.Y. May 29, 2014) ...........................................................12

*Rock v. Blaine*,
 No. 814CV01421MADCFH, 2018 WL 1415202 (N.D.N.Y. Mar. 20, 2018).........13

*Sweeney v. Bd. of Educ. of Rocky Point Union Free Sch. Dist.*,
    112 A.D.2d 240 (2d Dep't 1985) ..................................................................................6

*Toomey v. Farley*,
    2 N.Y.2d 71 (1956) ......................................................................................................14

*Torres v. City of New York*,
    No. 18 CIV. 3644 (LGS), 2019 WL 1765223 (S.D.N.Y. Apr. 22, 2019) ................10

*Trinidad v. New York City Dep't of Correction*,
    423 F. Supp. 2d 151 (S.D.N.Y. 2006) ..........................................................................8

*U.S. v. McKeon*,
    738 F. 2d 26 (2d Cir. 1984) .........................................................................................6

*Wang v. Phoenix Satellite Television US, Inc.*,
    976 F. Supp. 2d 527 (S.D.N.Y. 2013) ............................................................5, 7, 13

**Statutes**

Civil Rights Act of 1964 Title VII ............................................................................... *passim*

N.Y. Exec. Law § 296(9) ............................................................................................ *passim*

New York City Human Rights Law ............................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ...............................................................................................................13

Fed. R. Civ. P. 11 .............................................................................................................15

Fed. R. Civ. P. 12 ...............................................................................................................3

Fed. R. Civ. P. 15 .............................................................................................................14

Merriam Webster Dictionary ..........................................................................................13

N.Y.C.P.L.R. § 215(3) .....................................................................................................14

Defendants Andrew Yang and Friends of Andrew Yang ("FOAY") (together, "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Amended Complaint ("Motion").

## PRELIMINARY STATEMENT

Plaintiff's artful pleading that she was told she "would be compensated for her role as YGRO" does not cure the fatal defect to Plaintiff's employment discrimination and retaliation claims – Plaintiff was an unpaid volunteer with Mr. Yang's presidential campaign and never actually received any compensation or remuneration indicative of either Defendant hiring her. Plaintiff's attempt to evade the dispositive effect of her volunteer status is particularly egregious in light of her voluminous *pro se* filings conceding her volunteer status, including screenshots and messages to Plaintiff as a member of a pool of campaign volunteers, *see* Dkt. No. 11 ("Compl.") at 5, 25; an unsolicited affidavit from a former campaign staffer confirming Plaintiff's volunteer status, *see* Dkt. No. 45 ¶¶ 2-3; and Plaintiff's own admissions to the Court during oral argument on Defendants' motion to vacate the entry of default that she was an unpaid volunteer. Having never been hired by either FOAY or Mr. Yang, Plaintiff's employment discrimination and retaliation claims fail as a matter of law.

Separate and apart from Plaintiff's non-employee status, Plaintiff's claims against Mr. Yang individually, which are only brought as a result of his purportedly being the "head of FOAY" fail as a matter of law. None of the three statutes under which Plaintiff brings her employment discrimination and retaliation claims permit individual liability in circumstances such as those pled in the Amended Complaint. Moreover, Plaintiff's sex-based discrimination claims fail as a matter of pleading, as Plaintiff does not allege that she was the target of any sex-based discrimination.

Plaintiff's defamation claim – newly asserted in the Amended Complaint – also fails as a matter of law. While Plaintiff's Amended Complaint is vague as to which statements are purportedly defamatory, all of the statements identified in the Amended Complaint were uttered or published more than two years ago. Plaintiff's defamation claim is thus barred as a matter of law under New York's one-year statute of limitations.

## RELEVANT FACTS

Plaintiff was a volunteer with Mr. Yang's presidential campaign for approximately two months in 2019. *See* Dkt. No. 52 ("Am. Compl.") ¶¶ 31 (start date as volunteer organizer in July 2019), 46 (Plaintiff released from volunteer duties at the end of September 2019); Compl. at 5, 25 (June 12, 2019 Slack message to volunteers, including Plaintiff); 29 (July 11, 2019 message to volunteers); *see also* Dkt. No. 45 ¶ 3 (acknowledging Plaintiff was a volunteer). Although volunteer service with FOAY could lead to paid employment, in Plaintiff's case, it did not. At no point in the Complaint does Plaintiff allege that she was ever a paid employee of FOAY or Mr. Yang, individually. *See generally* Am. Compl.

Following Plaintiff's discharge from her volunteer service, Plaintiff brought a charge of discrimination against FOAY with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about July 21, 2020. Compl. at 6. On or about June 17, 2021, the EEOC dismissed Plaintiff's claim on the grounds that she had no employee/employer relationship with FOAY. *Id.*

Nearly two years later, Plaintiff filed this action against both FOAY and Mr. Yang, individually. The original Complaint, filed *pro se*, contained only causes of action for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law

("NYCHRL") based on Plaintiff's sex. *See genearlly* Compl. After engaging counsel and amending her pleadings as of right, Plaintiff asserts claims for employment discrimination, retaliation, and – for the first time – defamation. *See generally* Am. Compl. All of Plaintiff's claims fail as a matter of law, and must be dismissed with prejudice.

## ARGUMENT

I. **Standard of Review.**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must 'nudge[ ]' claims 'across the line from conceivable to plausible.'" *Daniels v. City of New York*, No. 17 CIV. 9960 (LGS), 2019 WL 251511, at *2 (S.D.N.Y. Jan. 17, 2019) (Schofield, J.) (quoting *Twombly*, 550 U.S. at 570).

On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)). "But 'naked assertions' or 'conclusory statements' are not enough." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

II. **Plaintiff Lacks Standing to Assert Her First, Second, Third, Fourth, Fifth, and Sixth Causes of Action as She Never Had an Employee/Employer Relationship with FOAY.**

In order to bring claims under Title VII, NYSHRL, and NYCHRL, it is axiomatic that a plaintiff must plead an employee/employer relationship with the defendants. *Gulino v. New York*

*State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims."); *Mahmud v. Kaufman*, 496 F. Supp. 2d 266, 274-75 (S.D.N.Y. 2007) (citing cases for rule that NYSHRL only applies in the "traditional employment context"); *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 789 (S.D.N.Y. 2021) ("An essential element of a claim under the NYSHRL or NYCHRL is the existence of an 'employer-employee relationship'.") (citing *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) for proposition that "employment relationship required to sustain a Title VII and analogous NYSHRL claims").

### A. Plaintiff's First and Second Causes of Action Pursuant to Title VII Fail Because She Was Never Hired by Defendants.

The Second Circuit applies a two-part test to determine whether an employee/employer relationship has been established. *Hughes v. Twenty-First Century Fox*, Inc., 304 F. Supp. 3d 429, 442 (S.D.N.Y. 2018).

> *First*, the plaintiff must demonstrate that she was hired by the putative employer. To prove that she was hired, she must establish that she received remuneration in some form for her work. This remuneration need not be a salary, but must consist of substantial benefits not merely incidental to the activity performed." *United States v. City of N.Y.*, 359 F.3d 83, 91–92 (2d Cir. 2004). *Second*, this Court must determine whether a hired person is an employee under a thirteen-factor agency rubric articulated by the Supreme Court in *Cmty. for Creative Non–Violence v. Reid*, 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).

*Id.*

To pass the first step of this test – that she was hired – Plaintiff must "establish that she received remuneration in some form for her work." *Areu v. Fox News Network*, LLC, No. 20-CV-8678 (RA), 2021 WL 4124226, at *9 (S.D.N.Y. Sept. 9, 2021)[1] (quoting *United States v. City of N.Y.*, 359 F.3d 83, 91–92 (2d Cir. 2004)); *see also O'Connor v. Davis*, 126 F.3d 112, 116

(2d Cir. 1997) ("Where no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist."); *Wang v. Phoenix Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 534 (S.D.N.Y. 2013).

Remuneration has been defined in the Second Circuit to be broader than a salary, but it must be a significant financial benefit. "Vague benefits" are not sufficient. *Areu*, No. 20-CV-8678 (RA), 2021 WL 4124226, at *9 (quoting *Hughes*, 304 F. Supp. 3d at 444). As explained in *Abreu*, the types of remuneration held sufficient to establish an employee/employer relationship include salary, health insurance, vacation, sick pay, a retirement pension, life insurance, death benefits, and disability insurance. *Id.* By contrast, networking opportunities, the opportunity to showcase work, reimbursement of travel expenses, hair and make-up services, publicity, and name recognition are not sufficient remuneration to establish an employee/employer relationship. *Id.*

Plaintiff does not and cannot allege that she *actually* received any remuneration. *See generally* Am. Compl. Plaintiff has admitted throughout the limited course of this litigation that she was in fact never offered a paid position. *See* Compl. at 7 (asserting that Plaintiff "*should be considered an employee for purposes of the EEO statutes*" because volunteers were frequently given preferential treatment when competing for paid position vacancies); *id.* at 14 (dismissal of EEOC complaint for "no employee/employer relationship") Dkt. No. 55 (conceding that, at best, Plaintiff asserts that she was promised compensation in the future); Dkt. No. 45 ¶¶ 2-3 (describing Plaintiff's position as a volunteer position); . Plaintiff cannot walk away from these admissions through an artfully pled conclusory statement that "Defendants represented that

---

[1] Plaintiff's reliance on *Areu* in her letter opposing leave to file this Motion is misplaced. *See* Dkt. No. 55 at 2. *Areu* supports a conclusion here that Plaintiff did not have an employee/employer relationship with Defendants.

Plaintiff *would be* compensated for her role as YGRO." *Compare* Am. Compl. ¶ 31 *with Andrews v Metro N. Commuter R. R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989) ("the amendment of a pleading does not make it any the less an admission of the party") (citing, *inter alia*, *U.S. v. McKeon*, 738 F. 2d 26, 31 (2d Cir. 1984) (a "party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories").

Because Plaintiff's Title VII claims fail the first step of the *Hughes* test, the Court need not analyze the thirteen-factor agency test to determine if Plaintiff was an employee. *See Hughes*, 304 F. Supp. 3d at 442. Plaintiff was never hired by FOAY, and thus lacks standing to assert claims under Title VII.

### B. Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action Pursuant to the NYSHRL and NYCHRL Also Fail Because She Was Never Hired by Defendants.

The NYSHRL and NYCHRL are analyzed under same rubric as Title VII claims and require remuneration as a threshold to establish standing. *Areu*, LLC, No. 20-CV-8678 (RA), 2021 WL 4124226, at *10 (citations omitted); *see also Sweeney v. Bd. of Educ. of Rocky Point Union Free Sch. Dist.*, 112 A.D.2d 240, 241 (2d Dep't 1985) (Plaintiffs seeking relief under the NYSHRL also must establish a "mutually beneficial economic substance which is the touchstone of an employer/employee relationship"); *Wang*, 976 F. Supp. 2d at 534 (analyzing in detail why unpaid interns are not employees under NYCHRL and analogizing to NYSHRL and Title VII).[2]

As discussed above, Plaintiff has admitted over the course of this action that she was an unpaid volunteer with the campaign. The mere fact that Plaintiff *could have* in the future been

---

[2] With the exception of voluntary firefighters, who are expressly given employee status under N.Y. Exec. Law § 296(9).

given preferential treatment when applying for a paid position is not sufficient remuneration to establish an employee/employer relationship.

Plaintiff was never a paid employee of FOAY or Mr. Yang. As such, all of her employment discrimination claims fail as a matter of law and must be dismissed with prejudice.

**III.     Plaintiff's First, Second, Third and Fourth, Fifth and Sixth Causes of Action Fail against Mr. Yang, Individually.**

Plaintiff makes a single conclusory allegation that "Defendant Yang was personally involved in the adverse action taken against Plaintiff" and directs the Court to scour the Amended Complaint for facts supporting that conclusion. *See* Am. Compl. ¶ 68. But a careful reading of the Amended Complaint reveals no facts concerning Mr. Yang's involvement in any adverse action taken against Plaintiff. Indeed, Plaintiff concedes in her letter opposing leave to file this Motion that her claims against Mr. Yang, individually, are based solely on his being the alleged "head of Defendant FOAY" and that he, in that capacity, hired her. *See* Dkt. No. 55 at 1 ("Defendants argue that Plaintiff failed to allege that she was an employee of Defendant Yang, individually. However, in the Amended Complaint, Plaintiff named Defendant Yang individually and pled that he is the "head of Defendant FOAY" and that she was hired by "Defendants" on July 9, 2019.") (citing Am. Compl. ¶¶ 13, 31). None of Plaintiffs' statutory claims against Mr. Yang can be sustained solely on his being the "head" of FOAY. Nor can they be sustained on a conclusory assertion of personal involvement in discriminatory acts unsupported by any facts. *See Biro*, 807 F.3d at 544 (conclusory assertions not sufficient under federal pleading requirements).

**A.     Title VII Claims Cannot Be Sustained against Individuals as a Matter of Law.**

Title VII "does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers." *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir.

2015) (confirming that Title VII claims against plaintiff's supervisor and Commissioner of New York City Administration for Children's Services failed); *see also Trinidad v. New York City Dep't of Correction*, 423 F. Supp. 2d 151, 162 (S.D.N.Y. 2006) ("It is well-settled under Second Circuit law that individuals are not 'subject to liability under Title VII.'") (citing cases); *Daniels v. City of New York*, No. 17 CIV. 9960 (LGS), 2019 WL 251511, at *2 (S.D.N.Y. Jan. 17, 2019) (confirming "no individual liability for claims brought under Title VII). Because Plaintiff's claims employment discrimination claims against Mr. Yang are solely in his capacity as "head" of FOAY, they each must be dismissed with prejudice.

### B. Plaintiff's NYSHRL and NYCHRL Claims against Mr. Yang Fails as a Matter of Law and Pleading.

The NYSHRL allows for individual liability in certain limited circumstances which are admittedly not pled here. An individual may be personally liable under the NYSHRL only if they are individually an "employer" under the statute who "actually participates in the conduct giving rise to the discrimination." *Feingold v. New York*, 366 F.3d 138, 157, 2d Cir. 2004 (citing N.Y. Exec. Law § 296). To be an "employer" under the NYSHRL, the individual must have an ownership interest or be a supervisor with certain managerial authority. *Pacheco v. Comprehensive Pharmacy Servs.*, No. 12 Civ. 1606 (AJN), 2013 WL 6087382, at *17 (S.D.N.Y. Nov. 19, 2013). The managerial authority required includes "(1) [] the power to hire or fire employees, (2) supervise[] and control[] employee work schedules or employment conditions, (3) determine[] the rate and methods of payment, and (4) maintain[] employment records." *Maher v. All. Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 260 (E.D.N.Y. 2009).

While the NYCHRL more broadly allows individual liability against an employer, or an employee or agent thereof, claims brought under the NYCHRL must also allege individual

involvement in the discriminatory acts. *Allen v. A.R.E.B.A. Casriel, Inc.*, No. 15 CIV. 9965 (KPF), 2017 WL 4046127, at *16 (S.D.N.Y. Sept. 12, 2017).

Here, Plaintiff both fails to plead that Mr. Yang individually is an "employer" and fails to plead that he personally participated in the "conduct giving rise to the discrimination." First, Plaintiff acknowledges that the only basis on which she names Mr. Yang individually is because he is the "head of Defendant FOAY." *See* Am. Compl. ¶ 31; Dkt. No. 55 at 1. The conclusory allegation that he is the "head" of FOAY falls far short of being plausible facts sufficient to show that Mr. Yang either had an ownership interest in FOAY, or individually supervised and controlled employee work schedules or employment conditions, determined the rate and methods of payment, or maintained employment records. *See generally* Am. Compl.; *Maher*, 650 F. Supp. at 260. *Maher* makes clear that all four elements must be established to bring a claim for personal liability under NYSHRL and NYCHRL. *Maher*, 650 F. Supp. at 260 (using conjunctive "and" in listing out requirements under second prong). Second, Plaintiff makes no allegations in the Amended Complaint that Mr. Yang, individually, took any actions giving rise to her allegations of discrimination. *See generally* Am. Compl.

As such, Plaintiff's discrimination claim under both the NYSHRL and NYCHRL against Mr. Yang, individually, should be dismissed with prejudice.

**IV.    Plaintiff's First, Third, and Fifth Causes of Action Should Be Dismissed because Plaintiff Fails to Plausibly Plead a Claim for Sex-Based Discrimination.**

Even if Plaintiff could surmount the necessary hurdle of establishing that she was hired by FOAY and Defendants (which she cannot), Plaintiff's employment discrimination claims must nonetheless be dismissed as Plaintiff fails to sufficiently plead facts that give rise to a plausible claim that "(1) the employer discriminated against him (2) *because of* his race, color, religion, sex, or national origin." *Chin Tuan v. Flatrate Moving Network LLC*, No. 19 CIV. 4264

(LGS), 2020 WL 4606318, at *4 (S.D.N.Y. Aug. 11, 2020) (Schofield, J.) (explaining elements of a Title VII claim that must be pled to survive a motion to dismiss) (emphasis added); *Torres v. City of New York*, No. 18 CIV. 3644 (LGS), 2019 WL 1765223, at *2 (S.D.N.Y. Apr. 22, 2019) (Schofield, J.) (being a member of a protected class must be a "motivating factor" for discrimination claims under both Title VII and NYSHRL); *see also Moore v. Verizon*, No. 13-CV-6467 (RJS), 2016 WL 825001, at *7 (S.D.N.Y. Feb. 5, 2016) ("[E]ven under NYCHRL's more liberal standard, Plaintiff fails to plead facts giving rise to an inference that Plaintiff's termination was motivated by race or gender discrimination.")

While Plaintiff's First, Third, and Fifth Causes of Action assert in conclusory fashion that Defendants "intended to discriminate against Plaintiff on the basis of her gender," *see, e.g.,* Am. Compl. ¶¶ 68, 80, 94, the factual allegations assert no causal connection between Plaintiff's sex and the alleged discrimination. Analyzing similar issues this Court dismissed a Plaintiff's Title VII and NYSHRL discrimination claims because, as pled, the complaint alleged discriminatory events that only took place after the Plaintiff filed a complaint with the NYPD Office of Equal Employment Opportunity on the grounds that the causal connection was to the OEEO complaint filing, not Plaintiff's sexual orientation. *Torres* , No. 18 CIV. 3644 (LGS), 2019 WL 1765223, at *3. Here, the Amended Complaint does not make any causal connection between the alleged discrimination and Plaintiff's sex. At best, Plaintiff's discrimination claims are linked to Plaintiff "opposing" discrimination and harassment allegedly experienced by *other* women associated with the campaign. *See, e.g., id.* at ¶¶ 22, 29, 33, 36, 39. There are *no* allegations in the Amended Complaint that Plaintiff herself was discriminated against as a result of her sex. As such, Plaintiff's sex-based discrimination claims should be dismissed with prejudice

V.  **Plaintiff Fails to Plausibly Plead a Claim for Retaliation under Her Second, Fourth, and Sixth Causes of Action Because Her Allegations of an Adverse Employment Action Fail as a Matter of Law.**

That Plaintiff be subject to an adverse employment action as a direct result of her opposing an unlawful employment practice is a necessary element of retaliation claims under Title VII, the NYSHRL, and the NYCHRL. *de Souza v. Planned Parenthood Fed'n of Am., Inc.*, No. 21 CIV. 5553 (LGS), 2022 WL 2047580, at *3 (S.D.N.Y. June 7, 2022) (discussing the standard for finding an adverse employment action under Title VII, NYSHRL, and NYCHRL). Under Title VII and the NYSHRL, an adverse employment action requires pleading a materially adverse change in the terms and conditions of employment. *See id.* Under the more lenient NYCHRL standard, retaliation claims do not have to allege a "materially adverse change in the terms and conditions of employment" in order to satisfy the "adverse employment action" element. *de Souza*, No. 21 CIV. 5553 (LGS), 2022 WL 2047580, at *3. Instead, it is sufficient to allege that the retaliatory act is "likely to deter a person from engaging in a protected activity." *Id.* (citing N.Y.C. Admin. Code § 8-107(7)).

Under all three statutory schemes, "trivial harms" are not sufficient to rise to the level of adverse employment actions, and the adverse action must have been likely to "deter a reasonable employee from making a complaint." *Bundschuh v. Inn on the Lake Hudson Hotels*, LLC, 914 F. Supp. 2d 395, 406 (W.D.N.Y. 2012) (citing cases throughout Second Circuit analyzing actions that have been held insufficient to be an adverse employment action as a matter of law). Here, Plaintiff's retaliation claims fail under Title VII, the NYSHRL, and the NYCHRL because what she asserts are adverse employment actions fail as a matter of law.

Also under all three statutory schemes, the Plaintiff's own reaction to an allegedly adverse employment action is telling – if the employer's action did not deter Plaintiff from making subsequent complaints, it was likely not material. *See Jantz v. Emblem Health*, No. 10 CIV. 6076

PKC, 2012 WL 370297, at *15 (S.D.N.Y. Feb. 6, 2012) ("The Second Circuit has instructed that while the test [for a materially adverse action is] objective, it remains relevant whether the plaintiff himself was deterred from complaining."). Here, it is notable that Plaintiff admits having continued to raise concerns about the campaign's purported discriminatory practices – toward *other* people – throughout the time in which she alleges she was subjected to adverse employment actions including after the termination of her volunteer position. *See generally* Am. Compl.

As a preliminary matter, Plaintiff's Amended Complaint is unclear as to what she intends to claim as an adverse action. That alone justifies dismissing Plaintiff's Second, Fourth, and Sixth causes of action. *See Perry v. State of New York Dep't of Lab.*, No. 08 CIV. 4610(PKC), 2009 WL 2575713, at *5 (S.D.N.Y. Aug. 20, 2009) (dismissing retaliation claims in part because plaintiff's pleading was "so confused, ambiguous, vague, or otherwise unintelligible" that it failed the liberal pleading requirements of Fed. R. Civ. P. 8), *aff'd sub nom. Perry v. New York Dep't of Lab.*, 398 F. App'x 628 (2d Cir. 2010). Out of an abundance of caution, however, Defendants address each potential claim for retaliation that they can discern from the Amended Complaint.

### A. Plaintiff Fails to Plead Retaliatory Failure to Hire.

To plead a retaliatory failure to hire claim, Plaintiff must allege facts concerning "the positions she sought and her qualifications." *Riddle v. Citigroup, No. 13 CIV. 6833 AKH*, 2014 WL 2767180, at *4 (S.D.N.Y. May 29, 2014) (dismissing Title VII retaliatory failure to hire claim where plaintiff failed to allege facts concerning the job requirements, her qualifications for the job sought, and facts plausibly supporting an inference that the failure to hire was retaliatory), *aff'd*, 640 F. App'x 77 (2d Cir. 2016); *see also Wang*, 976 F. Supp. 2d at 537 (NYSHRL claims for retaliatory failure to hire assessed under same framework as Title VII).

Plaintiff here apparently asserts that she Defendants failed to interview and hire her for an executive assistant position. *See* Am. Compl. ¶¶ 38, 43; Dkt. No. 55 at 3. The Amended

Complaint, however, is devoid of *any* facts concerning the qualifications for that position, and states in a single conclusory statement that she "was qualified for the position." Am. Compl. ¶ 38. This falls far short of even the liberal pleading standards permitted under Fed. R. Civ. P. 8, and as such, Plaintiff has not sufficiently pled a claim for retaliatory failure to hire.

**B. Public Criticism on Social Media and Doxxing Are Not Adverse Employment Actions.**

Plaintiff's claims for retaliation, to the extent premised on Plaintiff being publicly criticized on social media and doxxed[3], *see* Am. Compl. ¶¶ 76, 90, 104, fail as a matter of law because "public criticism . . . do[es] not rise to the level of a materially adverse action as required by Title VII." *Borrero v. Am. Exp. Bank Ltd.*, 533 F. Supp. 2d 429, 438 (S.D.N.Y. 2008); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (Title VII does not set forth "a general civility code for the American workplace"); *Fridia v. Henderson*, No. 99 Civ. 10749(BSJ), 2000 WL 1772779, at *6 (S.D.N.Y. Nov. 30, 2000) ("not every unpleasant matter [including a supervisor's 'nasty' treatment] creates a cause of action"). The same is true under the NYSHRL. *See Rock v. Blaine*, No. 814CV01421MADCFH, 2018 WL 1415202, at *7 (N.D.N.Y. Mar. 20, 2018) (analyzing whether an adverse action has been established under both Title VII and NYSHRL retaliation claims following same analytical framework).

Defendants have found no legal precedent that holds doxxing as an adverse employment action. Doxxing, however, should be analyzed under the same analytical framework as Platintiff being subject to "public criticism" in that neither is a an act affecting the status of Plaintiff's

---

[3] Doxxing refers to the act of publishing private or identifying information about a particular individual online, with malicious intent. *See* Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/dox (last accessed Jun. 22, 2022). Notably, Plaintiff does not assert that any FOAY employee or agent doxxed her, but rather, another volunteer did so through his personal social media accounts. *See* Am. Compl. ¶ 47. Defendants have found no precedent that would impute the actions of a volunteer to them as adverse employment actions.

employment. As such, Plaintiffs' retaliation claim fails as premised on her purportedly being publicly criticized and doxxed.

## VI. Plaintiff's Defamation Claim Is Barred by the Statute of Limitations.

New York law applies a one-year statute of limitations for defamation claims. N.Y.C.P.L.R. § 215(3); *see also McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (applying one year statute of limitations to defamation claim and explaining that "in New York . . . a plaintiff cannot save an untimely defamation claim by fashioning the claim under some other rubric, thereby to avail himself of a longer limitations period."). The statute of limitations for slander begins ticking when the statement is uttered. *Gigante v. Arbucci*, 34 A.D.3d 425, 426 (2d Dep't 2006). The limitations period begins running for libel on the date of publication. *Toomey v. Farley*, 2 N.Y.2d 71 (1956).

Here, Plaintiff's defamation claim was pled for the first time in the Amended Complaint, on May 3, 2022. While the Amended Complaint is vague as to what statements are purportedly defamatory, the latest statement alleged in the Amended Complaint is December 14, 2019 – nearly three years prior to when Plaintiff raised her defamation claims. *See* Am. Compl. ¶ 58. Even if Plaintiff's defamation claims could be related back to the date of the original Complaint under Fed. R. Civ. P. 15(c), the claims would still be time barred as Plaintiff's original Complaint was filed 21 months after the last statement asserted. *Compare* Dkt. No. 1 (Sept. 22, 2021 filing) *with* Am. Compl. ¶ 58 (December 14, 2019 statement).

## VII. Plaintiff Should Not Be Given Further Leave to Replead.

While leave to replead is to be given liberally, repleading should not be permitted where amendment would be futile. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 104 (2d Cir. 2005). Here, Plaintiffs' employment based claims fail as a matter of law as analyzed above, and thus

repleading would be futile.[4] Likewise, Plaintiffs' defamation claim fails as a matter of law and repleading would also be futile.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Dated: June 24, 2022　　　　　　　　　　　　　*/s/ Qian Shen*
　　　　New York, NY　　　　　　　　　　　　Sheila (Qian) Shen
　　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　　qian.shen@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　Tel:　(212) 513-3521
　　　　　　　　　　　　　　　　　　　　　　Fax:　(212) 385-9010

---

[4] Any further attempt to artfully plead an employee/employer relationship that Plaintiff has repeatedly admitted did not exist would, frankly, violate Fed. R. Civ. P. 11.