UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA LINDSAY LEE,

        Plaintiff,

- against -

ANDREW YANG and FRIENDS OF ANDREW YANG,

        Defendants.

Case No.: 1:21-cv-07934-LGS

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | Plaintiff Alleges No Facts to Satisfy Her Burden of Sufficiently Pleading an Employee-Employer Relationship. | 2 |
| | A. Plaintiff's Vague Assertion that She Was Promised Compensation Is Insufficient. | 3 |
| | B. If the Court Determines Plaintiff Was Hired by Defendants, Plaintiff Has Not Pled Facts Supporting the Second Prong of the *Hughes* Test. | 4 |
| II. | Plaintiff's Conclusory Allegations Do Not Save Her Claims Against Mr. Yang, Individually. | 5 |
| III. | Plaintiff's Opposition Fails to Cure the Pleading Deficiencies in Her Discrimination Claims. | 6 |
| IV. | Plaintiff Has Not Sufficiently Pled a Retaliatory Failure to Hire Claim. | 7 |
| V. | Plaintiff Should Not Be Given Further Leave to Replead. | 8 |
| CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Areu v. Fox News Network, LLC*,
  No. 20-CV-8678 (RA), 2021 WL 4124226 (S.D.N.Y. Sept. 9, 2021) ..................................3, 4

*de Souza v. Planned Parenthood Fed'n of Am., Inc.*,
  No. 21 CIV. 5553 (LGS), 2022 WL 2047580 (S.D.N.Y. June 7, 2022) ..................................7

*Doe v. Anonymous Inc.*,
  No. 18 CIV. 10924 (PAC), 2019 WL 2616904 (S.D.N.Y. June 25, 2019) ..........................3, 4

*Hughes v. Twenty-First Century Fox, Inc.*,
  304 F. Supp. 3d 429 (S.D.N.Y. 2018) ....................................................................2, 3, 4, 5

*Nechis v. Oxford Health Plans, Inc.*,
  421 F.3d 96 (2d Cir. 2005) .............................................................................................8

*Riddle v. Citigroup*,
  No. 13 CIV. 6833 AKH, 2014 WL 2767180 (S.D.N.Y. May 29, 2014) ..............................1, 7

**Other Authorities**

*Filings by FRIENDS OF ANDREW YANG*,
  FEDERAL ELECTION COMMISSION, https://docquery.fec.gov/cgi-
  bin/forms/C00659938/sb (last visited Sept. 14, 2022) ...................................................6

Defendants Andrew Yang and Friends of Andrew Yang ("FOAY") (together, "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Amended Complaint ("Motion").

## **PRELIMINARY STATEMENT**[1]

Plaintiff does not dispute that, as a matter of law, *all* of her claims except her retaliatory failure to hire claim must be dismissed if the Court finds that she failed to plausibly allege that she was ever hired by Defendants. She does not and cannot make such an allegation. Plaintiff was admittedly a volunteer with FOAY – that was the only role she ever held for the short time she was engaged with Mr. Yang's presidential campaign. Indeed, the EEOC has already made an express finding that Plaintiff never had an employee-employer relationship with FOAY. Compl. at 6.

Plaintiff's retaliatory failure to hire claim – the only claim not dependent on her status as a volunteer – is devoid of *any facts* establishing the *prima facie* elements that must be pled to sustain such a claim. Plaintiff does not plead the requirements for the executive assistant job at issue; does not plead any facts supporting her conclusory assertion that she was qualified for that job; and does not plead any facts plausibly supporting an inference that the failure to hire was retaliatory. *See Riddle v. Citigroup*, No. 13 CIV. 6833 AKH, 2014 WL 2767180, at *4 (S.D.N.Y. May 29, 2014) (explaining elements of failure to hire claim).

Because Plaintiff cannot cure these fatal defects in her claims, Plaintiff focuses her Opposition on reciting undisputed legal standards, regurgitating the conclusory allegations in the Amended Complaint, throwing mud at Mr. Yang's current political operations, and attempting to

---

[1] Abbreviated terms not otherwise defined in this reply memorandum of law have the same meaning as in Defendants' moving memorandum of law in support of this motion to dismiss. *See* Dkt. No. 62.

cure her pleading defects by inserting new "facts" not found anywhere in her Amended Complaint. None of those tactics save Plaintiff's claims.

Allowing Plaintiff to pursue her meritless claims would lead to nothing more than wasting the limited resources of a federal candidate committee (FOAY), which wound down its operations after Mr. Yang withdrew from the 2020 presidential race more than two years ago. It would also have a chilling effect on grassroots political campaigns and organizing, which, like FOAY, depend heavily on volunteers. Plaintiff effectively seeks to hold Defendants liable for alleged conduct of other volunteers over whom Defendants had no control – a holding that would make it impracticable for political candidates to encourage grassroots campaigning going forward.

For these reasons, and as further discussed in Defendants' moving memorandum of law, Plaintiff's Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff Alleges No Facts to Satisfy Her Burden of Sufficiently Pleading an Employee-Employer Relationship.

Plaintiff does not dispute that all of her employment discrimination claims pursuant to Title VII, the NYSHRL, and the NYCHRL fail if she did not have an employee-employer relationship with Defendants. Nor does she dispute that, in order to establish an employee-employer relationship, she must sufficiently plead both (i) that she was hired by Defendants; and (ii) that she was hired as an employee (rather than an independent contractor) under a thirteen-factor test. *See* Opp. Br. at 10; *see also Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 443 (S.D.N.Y. 2018).

Plaintiff has already admitted multiple times that she was never provided remuneration – the key requirement to pleading that she was hired by Defendants under the *Hughes* test.

Plaintiff cites no authority holding that a vague statement that Plaintiff's volunteer role *may* turn into a paid position at some unspecified time in the future, paying an unspecified wage, is sufficient to show she was hired. Indeed, relevant case law holds the opposite.

Even if Plaintiff sufficiently alleged a specific promise of remuneration as required under *Hughes*, the Amended Complaint does not assert any facts sufficient to satisfy the thirteen-factor test under *Hughes* to establish that Plaintiff was an employee. Tacitly acknowledging such deficiency, Plaintiff now tries to cure it by inserting *new* factual allegations into her Opposition. Plaintiff's repleading by motion should not be condoned.

At bottom, Plaintiff does not and cannot plead an employee-employer relationship with either Defendant. Indeed, the EEOC – after examining records from FOAY and Plaintiff – has already held that Plaintiff had no such relationship with FOAY. *See* Compl. at 6. Plaintiff's inability to sufficiently plead that relationship is fatal to her employment discrimination claims.

### A. Plaintiff's Vague Assertion that She Was Promised Compensation Is Insufficient.

Plaintiff's claims fail the first prong of the *Hughes* test because she admits to not receiving remuneration, and her assertion that she was promised a salary is far too vague to be actionable. While a promise of payment *may* constitute remuneration, *see Hughes*, 304 F. Supp. 3d at 443, it still cannot be a "vague benefit." *Areu v. Fox News Network, LLC*, No. 20-CV-8678 (RA), 2021 WL 4124226, at *9 (S.D.N.Y. Sept. 9, 2021). Statements of potential future salaried positions with no specifics as to amount of compensation or timeline are "general and equivocal statements that are not promises of compensation" sufficient to establish an employee-employer relationship. *Doe v. Anonymous Inc.*, No. 18 CIV. 10924 (PAC), 2019 WL 2616904, at *3 (S.D.N.Y. June 25, 2019), *aff'd*, 794 F. App'x 129 (2d Cir. 2020).

Plaintiff's employment discrimination claims all hinge on a single conclusory assertion that

Plaintiff was promised compensation. There are *no* facts alleged as to any specifics as to the purportedly promised compensation. *See generally* Am. Compl. at ¶ 31. The exhibits annexed to Plaintiff's original Complaint, however, make clear that the so-called "promise" of compensation on which Plaintiff relies were from (i) a July 12, 2019 text message from another *volunteer*, Roza Calderon, stating "well they said those positions will turn into paid"; and (ii) an undated message from FOAY employee Rebecca Nagy stating in similarly vague terms that "everyone was told it was going to turn into a paid position." *See* Dkt. No. 11-1 at Ex. N. These vague statements that her volunteer position *could* turn into a paid position – with no facts concerning wage or even when such transition would occur – are precisely the type of "general and equivocal statements that are not promises of compensation." *Anonymous Inc.*, No. 18 CIV. 10924 (PAC), 2019 WL 2616904, at *3. To hold otherwise would eviscerate the requirement that Plaintiff plead a non-vague benefit under *Hughes* and *Areu*.

Because Plaintiff's claims fail the first prong of the *Hughes* test, the Court need not address the second prong and should dismiss Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action.

### B. If the Court Determines Plaintiff Was Hired by Defendants, Plaintiff Has Not Pled Facts Supporting the Second Prong of the *Hughes* Test.

Even if, however, the Court determines that Plaintiff has sufficiently pled a concrete promise of compensation as required under *Hughes* to establish she was hired by Defendants, Plaintiff has not sufficiently pled *any* of the thirteen factors to establish her employment by Defendants. *See Hughes*, 304 F. Supp. at 442 (citation omitted); *see also* Opp. Br. at 10.

Contrary to the arguments in her Opposition, there are *no* facts pled in the Amended Complaint – or Plaintiff's original Complaint – that "Defendants controlled what Plaintiff posted on social media and required her to meet specific goals, login to a specific platform, contact

volunteers regarding applications, consolidate 'Yang Gangs' within her state, and track volunteers retained." *See* Opp. Br at 11-12. The factual allegations in Plaintiff's pleadings are devoted to Plaintiff's purported reports of discrimination and her interactions with campaign volunteers and staffers, and the Amended Complaint is devoid of any facts relevant to the thirteen indicia of employment laid out in *Hughes*. *Compare* Am. Compl. *with* Opp. Br. at 10 (listing thirteen *Hughes* factors). Nor are there any allegations in the Amended Complaint indicating "Looney regularly checked in with Plaintiff via various communication platforms regarding tasks for which she was responsible and required Plaintiff to attend weekly YGRO meetings." *See* Opp. Br. at 12. Tellingly, Plaintiff does not – and cannot – cite to any specific paragraph in her Amended Complaint containing these allegations. *See id.* Plaintiff cannot amend her pleading by motion in order to save her claims.

Because Plaintiff has failed to allege any of the thirteen factors to establish an employee-employment relationship, all of her employment discrimination claims fail.

## II. Plaintiff's Conclusory Allegations Do Not Save Her Claims Against Mr. Yang, Individually.

Plaintiff concedes that Title VII does not permit individual liability, and voluntarily dismisses her claim against Mr. Yang, individually, under the federal statute.

Plaintiff's claims against Mr. Yang, individually, under the NYSHRL and NYCHRL should also be dismissed. The totality of Plaintiff's opposition on this issue turns on two conclusory allegations: (i) a presumption that Mr. Yang had an ownership interest in FOAY, his federal candidate committee; and (ii) that he was personally involved in the alleged discriminatory actions against Plaintiff or condoned such actions. *See* Opp. Br. at 14.

As to Mr. Yang's ownership interest in FOAY, Plaintiff alleges no facts to support this presumption, which is incorrect as a matter of law. FOAY is a federal candidate committee

organized as a not-for-profit.  *See Filings by FRIENDS OF ANDREW YANG*, FEDERAL ELECTION COMMISSION, https://docquery.fec.gov/cgi-bin/forms/C00659938/sb (last visited Sept. 14, 2022).  Mr. Yang has no ownership interest.

As to Mr. Yang's personal involvement or acquiescence to the alleged discriminatory acts, the only fact asserted in the Amended Complaint indicating Mr. Yang had any knowledge of Plaintiff's complaints is an October 2019 phone call between Mr. Yang and Plaintiff – *after* she was already relieved of her volunteer duties.  *See* Am. Compl. ¶ 49; *see also* Opp. Br. at 14 (citing Am. Compl. ¶¶ 47, 49-51).  As Plaintiff was no longer a volunteer by October 2019, Plaintiff pleads no individual involvement on the part of Mr. Yang in the purported discriminatory or retaliatory actions of which Plaintiff complains.

**III.    Plaintiff's Opposition Fails to Cure the Pleading Deficiencies in Her Discrimination Claims.**

Setting aside that all of Plaintiff's employment discrimination claims fail as a matter of law because of the lack of an employee-employer relationship, Plaintiff does not and cannot cure the pleading deficiencies in her discrimination claims.

First, Plaintiff does not plead a causal nexus between her sex and the discriminatory conduct alleged.  Plaintiff's Opposition, like her Amended Complaint, relies almost exclusively on allegedly discriminatory statements directed at *other individuals* to sustain her sex discrimination claim.  Indeed, Plaintiff concedes that her pleadings assert "Defendants routinely exhibit a discriminatory animus against *women*" and that Plaintiff "opposed Defendants' discriminatory comments about *women* on multiple occasions."  *See* Opp. at 16.  Plaintiff cites no authority for her proposition that purportedly discriminatory statements directed at others can form the base of a discrimination claim brought by her.

Second, Plaintiff's retaliatory termination claim fails because, in order to bring such a claim under Title VII, the NYSHRL, and the NYCHRL, Plaintiff had to have been an employee. *See de Souza v. Planned Parenthood Fed'n of Am., Inc.*, No. 21 CIV. 5553 (LGS), 2022 WL 2047580, at *3 (S.D.N.Y. June 7, 2022) (discussing adverse *employment* actions under Title VII, NYSHRL, and NYCHRL). And as analyzed above and in Defendants' moving memorandum of law, Plaintiff was not an employee of either Defendant.

Third, to the extent that Plaintiff's retaliation claim is based on doxxing, Plaintiff attributes the doxxing to an individual, David Barnes – who Plaintiff concedes was another volunteer, *see* Am. Compl. ¶¶ 47, 52 – and asserts no allegations that Defendants directed or condoned the doxxing. Nor is there any allegation that Mr. Barnes doxxed Plaintiff through any FOAY social media handles or platforms. *See generally id.*

## IV. Plaintiff Has Not Sufficiently Pled a Retaliatory Failure to Hire Claim.

The basic pleading requirements for a failure to hire claim require pleading the job requirements, that Plaintiff was qualified for the executive assistant position, and facts plausibly indicating that the failure to hire was driven by discriminatory animus. *See Riddle*, 13 CIV. 6833 AKH, 2014 WL 2767180, at *4 (explaining elements of failure to hire claim).

Here, Plaintiff's retaliatory failure to hire claim is based on a single conclusory paragraph in the Amended Complaint:

> On [August 22, 2019], Plaintiff applied for an Executive Assistant position advertised on Defendants' website. Plaintiff was qualified for the position. However, Defendants further retaliated against Plaintiff by failing to interview and hire her for the Executive Assistant position despite her qualifications.

Am. Compl. ¶ 38.

Nowhere in the Amended Complaint is any explanation of the executive assistant job requirements. Nor are there any facts to indicate that Plaintiff was qualified for the position.

There are likewise no facts whatsoever concerning why Plaintiff was denied an interview, much less facts sufficient to plausibly allege that the failure to hire was the result of discriminatory animus. Plaintiff's failure to sufficiently plead all of these elements is fatal.

## V. Plaintiff Should Not Be Given Further Leave to Replead.

Plaintiff voluntarily dismissed her defamation claim, and her further amendment of her employment discrimination claims would be futile given that Plaintiff had no employee-employer relationship with Defendants as a matter of law. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 104 (2d Cir. 2005) (leave to replead should be denied where repleading would be futile). As such, Plaintiff should not be given leave to further waste the Court's and Defendants' resources by amending her pleadings a second time.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Dated: September 15, 2022  
New York, NY

*/s/ Qian Shen*  
Qian (Sheila) Shen  
HOLLAND & KNIGHT LLP  
31 West 52nd Street  
New York, NY 10019  
qian.shen@hklaw.com  
Tel: (212) 513-3521  
Fax: (212) 385-9010