UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICA LINDSAY LEE,
                              Plaintiff,         21 Civ. 7934 (LGS)

            -against-         **OPINION AND ORDER**

ANDREW YANG, et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Erica Lindsay Lee brings this action against Defendants Andrew Yang and Friends of Andrew Yang ("FOAY"). The First Amended Complaint ("FAC") alleges violations of federal, state and municipal employment law.[1] This action arises out of Plaintiff's volunteer work with Defendant Yang's 2020 presidential campaign and alleged gender discrimination Plaintiff experienced from other volunteers and paid staff employed by Defendants. For the reasons given below, Defendants' motion to dismiss the FAC is granted.

**I.      BACKGROUND**

      The following facts are taken from the FAC. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true for the purpose of this motion. *Id.* at 299 n.1.

      Defendant Yang is a former candidate for U.S. President, and Defendant FOAY is his 2020 political campaign organization. In April 2019, Plaintiff donated to Yang's presidential campaign. In May 2019, she attended a rally in support of the campaign in Seattle, Washington. In May 2019, she joined a Facebook group associated with the campaign and applied for a field

---

[1] The FAC also contains a state law claim for defamation. Plaintiff withdrew this claim in her Memorandum of Law in opposition to Defendants' motion to dismiss.

organization position with Defendants.  On a Basecamp, an online forum and organizing platform associated with the campaign, Plaintiff discussed allegedly discriminatory comments made by one of the volunteers who moderated the forum.  On June 9, 2019, she applied to be a moderator for the Basecamp.  On June 25, 2019, Plaintiff discussed the role with Kayle Jellesma, Defendants' Social Media Coordinator, who informed Plaintiff that her comments regarding the campaign's management and demographic composition meant that she was not "a good fit" for the moderator role.  Shortly thereafter, her application was denied.

On July 9, 2019, Defendants hired Plaintiff as a Yang Gang Regional Organizer ("YGRO") and represented that Plaintiff would be compensated in her role.  On August 20, 2019, a volunteer, Shane Thrapp, invited Plaintiff to discuss joining a campaign-authorized Twitter account.  The following day, Thrapp and Plaintiff discussed moderation of the Basecamp.  On August 22, 2019, Plaintiff applied for an Executive Assistant position with Defendants.  Defendants did not interview her or hire her for the position.

Plaintiff continued to raise her concerns to volunteers and employees of Defendants.  On September 25, 2019, Thrapp messaged other volunteers stating that Plaintiff would be removed from her position.  On September 28, 2019, another YGRO and Basecamp moderator publicly tweeted from personal account that Plaintiff had been removed from her position as a YGRO.  Subsequently, campaign volunteers and employees published personal information about Plaintiff, including her telephone number, email address and daily routines.  On October 1, 2019, Plaintiff spoke with Defendant Yang regarding her experience on his campaign.  On October 20, 2019, a representative of FOAY offered Plaintiff an alternative position, which Plaintiff refused, requesting to be reinstated as a YGRO.  Defendants subsequently hired male volunteers for "permanent" "full-time" positions with FOAY, including one person who had published

Plaintiff's personal information online.

## II. STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (cleaned up).

## III. DISCUSSION

### A.   **Employment Discrimination and Employment Status**

The FAC alleges two causes of action under Title VII. The first alleges employment discrimination in the form of a hostile work environment and wrongful termination. The second alleges retaliation in the form of (1) criticizing Plaintiff on social media, (2) terminating her position as a YGRO on social media and (3) publishing her contact information. The FAC alleges the same two causes of action under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") respectively. All of these claims allege discrimination during the course of Plaintiff's "employment" by Defendants.

These claims are dismissed because the FAC has not adequately pleaded an employment

relationship. Under Title VII, an employee is "an individual employed by an employer." 42 U.S.C. § 2000e(f). In cases where a clear employment relationship does not exist, courts in the Second Circuit use a two-part test to determine whether the protections of Title VII apply. *See United States v. City of New York*, 359 F.3d 83, 91-92 (2d Cir. 2004); *accord Ayyaz v. City of New York*, No. 19 Civ. 1412, 2021 WL 1225684, at *5 (S.D.N.Y. Mar. 31, 2021). First, a plaintiff must show that he or she "was hired by the putative employer," which in turn requires a showing that he or she "received remuneration in some form for [his or her] work." *United States v. City of New York*, 359 F.3d at 91-92. "This remuneration need not be a salary, but must consist of substantial benefits not merely incidental to the activity performed." *Id.* at 92 (citation and internal quotation marks omitted). Once a plaintiff proves that an employer hired him or her, courts look to thirteen factors derived from the common law of agency to determine whether an employment relationship exists. *Id.* The requirement of some form of remuneration to find an employment relationship also applies to claims arising under the NYSHRL and NYCHRL. *See Roelcke v. Zip Aviation LLC*, 571 F. Supp. 3d 214, 226 n.3 (S.D.N.Y. 2021) ("Cases analyzing whether a plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964 are instructive in the NYSHRL and NYCHRL context because courts use a nearly identical standard to determine the employment relationship across the three statutes." (internal quotation marks omitted)); *Ayyaz*, 2021 WL 1225684, at *7 ("Courts have routinely found that the threshold remuneration condition that is essential for an individual to qualify as an 'employee' under Title VII and the NYSHRL also applies to NYCHRL claims."); *Wang v. Phoenix Satellite Television U.S., Inc.*, 976 F. Supp. 2d 527, 536 (S.D.N.Y. 2013) ("[R]emuneration is a threshold inquiry in establishing the existence of an employment relationship [under the NYCHRL]").

The allegations in the FAC fail to satisfy the first prong of the test, which requires

4

remuneration. Plaintiff alleges that "Defendants represented that Plaintiff would be compensated for her role[.]" However, the FAC does not include any allegations regarding Plaintiff's actually receiving this compensation in the three-month period of her alleged employment. The factual allegations actually pleaded, if true, do not show that Plaintiff "received remuneration in some form." *United States v. City of New York*, 359 F.3d at 92. Accordingly, there is no employment relationship triggering the protections of Title VII.

The Second Circuit in dicta has referred to "employee benefits, such as health insurance; vacation; sick pay; *or the promise of any of the foregoing*" as potentially sufficient remuneration. *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 126 (2d Cir. 2002) (emphasis added); *see also O'Connor v. Davis*, 126 F.3d 112, 116 (2d Cir. 1997) (finding no remuneration where the plaintiff did not receive "salary or other wages, [or] employee benefits such as health insurance, vacation, or sick pay, nor was she promised any such compensation."). However, the Second Circuit has never held that the promise of remuneration is enough, and more recent decisions ask whether a plaintiff has actually "received" compensation. *See, e.g.*, *Girard v. Int'l Ass'n of Approved Basketball Officials, Inc.*, 840 F. App'x 635, 638 (2d Cir. 2021) (summary order) ("In determining whether a person has been hired, we look primarily to whether a plaintiff has received direct or indirect remuneration from the alleged employer." (internal quotations and brackets omitted)); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 227 n.10 (2d Cir. 2008) ("[O]ur precedent suggests we must find that a plaintiff has received some form of remuneration in exchange for his or her work."); *United States v. City of New York*, 359 F.3d at 92 (an employee must prove she was hired by a putative employer by showing "she received remuneration in some form for her work"); *see also Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 444 (S.D.N.Y. 2018) (holding that promises of future, more frequent

5

appearances as a panelist on a television news show did not qualify as remuneration to create an employment relationship). Although they are not binding, Plaintiff does not cite, nor has the Court identified, even any District Court cases in this Circuit in which the mere promise of financial compensation was held to be sufficient remuneration to create an employment relationship.

The FAC also lacks any factual allegation that Plaintiff received in-kind benefits that might qualify as compensation. Only some forms of compensation are sufficiently "substantial" and "not merely incidental to the activity performed," *United States v. City of New York*, 359 F.3d at 92 (internal quotation marks omitted), to qualify as remuneration for purposes of the existence of an employer relationship. *See Lee v. Yale University*, No. 21 Civ. 389, 2022 WL 3867539, at *16 (D. Conn. Aug. 30, 2022) (finding access to subscription-based research materials, office space and university facilities insufficient), *appeal docketed*, No. 22-2634 (2d Cir. Oct. 12, 2022); *Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 396-97 (S.D.N.Y. 2019) (finding networking opportunities and the opportunity to showcase work for casting directors insufficient for purposes of the remuneration analysis); *Hughes,* 304 F. Supp. 3d at 443 (S.D.N.Y. 2018) (same, for reimbursement for transportation, hair and make-up).

The Complaint also does not allege that Plaintiff was hired for a position that was compensated but that she waived compensation, a factual circumstance that might lead to an employment relationship. *See Consolmagno v. Hosp. of St. Raphael Sch. of Nurse Anesthesia*, 72 F. Supp. 3d 367, 378 (D. Conn. 2014) (denying summary judgment on Title VII claims due to an issue of fact, namely whether the plaintiff had waived a stipend and health insurance that all trainees in a nurse anesthetics program received, pursuant to a written student handbook). Here, the FAC contains no allegations that YGROs received financial compensation as a matter of

course, instead describing many of the relevant parties, including those who allegedly retaliated against Plaintiff, as volunteers. In light of *York*, which warned against "render[ing] all volunteer activity 'employment' under Title VII," 286 F.3d at 126, and in the absence of clearer guidance from the Circuit, the plain meaning of "received remuneration," *United States v. City of New York*, 359 F.3d at 92, controls. Because the FAC does not allege that Plaintiff actually received compensation, there is no employment relationship necessary to bring employment discrimination claims under Title VII, the NYSHRL or the NYCHRL.

>    B.      **Failure to Hire**

The Complaint does not plead a sufficient claim for discriminatory failure to hire under Title VII. As noted above, the causes of action in the FAC allege discrimination based on the following theories -- hostile work environment, wrongful termination and retaliation in the form of (1) criticizing Plaintiff on social media, (2) terminating her position as a YGRO on social media and (3) publishing her contact information. The FAC does not plead discriminatory failure to hire Plaintiff into a paid position as a theory of liability, although Plaintiff's opposition to the motion to dismiss attempts to assert a failure to hire claim. *See Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (summary order) (declining to consider additional claims raised in opposition to a motion to dismiss); *Trombetta v. Novocin*, No. 18 Civ. 993, 2021 WL 6052198, at *11 (S.D.N.Y. Dec. 21, 2021) ("It is well-established that a party may not raise new claims in its opposition brief.").

Even if the Complaint asserted failure to hire as a theory of liability, the FAC's factual allegations do not support such a claim. "To survive a motion to dismiss [a Title VII claim], a plaintiff need only establish a *prima facie* case of sex discrimination . . . ." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (internal quotation marks omitted). To establish a *prima*

7

*facie* case of discriminatory failure to hire, a plaintiff must demonstrate that: "(1) [s]he is a member of a protected class, (2) [s]he was qualified for the job for which [s]he applied, (3) [s]he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).  The facts alleged "need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *accord Vucinaj v. N.Y.C. Police Dep't*, No. 18 Civ. 7606, 2020 WL 4677597, at *6 (S.D.N.Y. Aug. 12, 2020).  A plaintiff may show discriminatory animus by alleging that she was treated less well than others who were similarly situated, and at the pleading stage must allege facts that at least raise the minimal inference that the defendants' conduct was discriminatory.  *Mauro v. N.Y.C. Dep't of Educ.*, No. 21-2671, 2022 WL 17844438, at *2 (2d Cir. Dec. 22, 2022) (summary order); *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014).

The factual allegations of the FAC fail to meet this standard.  The FAC alleges that Plaintiff applied and was qualified for an Executive Assistant position, but does not state how Plaintiff was qualified and whether that was a paid position.  Twenty paragraphs later, the FAC also alleges that, following Plaintiff's termination from the unpaid YGRO position, Defendants hired five "male volunteers" into "full-time positions" and "permanent roles."  The FAC does not specify whether a man or woman was hired into the Executive Assistant position, how that person's qualifications compared with Plaintiff's, what relevance these five males and their new positions had to the Executive Assistant position, or even whether their new positions were paid positions.

In the absence of a viable failure to hire claim under federal law, the Court declines to exercise supplemental jurisdiction over the counterpart NYSHRL and NYCHRL claims.  "[A]

8

district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (internal quotation marks omitted); *accord Thorne v. Boston Market Corp.*, 469 F. Supp. 3d 130, 147 (S.D.N.Y. 2020). The Court declines to exercise supplemental jurisdiction, as this case is in relatively early stages and allowing state courts to hear state law claims promotes comity between the federal and state courts. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404-05 (2d Cir. 2017) (Calabresi, J., concurring) ("[T]he default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so . . . . [O]ur circuit takes a very strong position that state issues should be decided by state courts."). Accordingly, Defendants' motion to dismiss is granted with respect to all remaining claims.

   C. **Leave to Replead**

Plaintiff requests leave to amend if Defendants' motion is granted. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]here the plaintiff is unable to demonstrate that [she] would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *6 (S.D.N.Y. June 17, 2020). Plaintiff is denied leave to replead employment discrimination claims for conduct that occurred while she was a volunteer with Defendants as such claims are futile.

If Plaintiff in good faith can allege facts to support an inference of discriminatory intent in Defendant's failure to hire her as an Executive Assistant, Plaintiff may seek leave to replead that claim by **February 3, 2023**. If Plaintiff decides to seek leave to file a Second Amended Complaint ("SAC"), she shall file a letter motion explaining how the proposed SAC cures the deficiencies outlined in this opinion. Plaintiff shall append to the letter a draft of the SAC marked to show changes from the FAC. If Plaintiff does file such a letter, Defendants shall file a letter in response within five business days of the filing of Plaintiff's letter.

### IV.  Conclusion

For the reasons given above, Defendants' motion to dismiss is **GRANTED**. Plaintiff may seek leave to replead as outlined above.

The Clerk of Court is respectfully directed to close the motion at Dkt. 61.

Dated: January 26, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE